Filed 3/30/21  P. v. Sosa CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>PAUL JULIAN SOSA,<br><br>    Defendant and Appellant. | D078213<br><br><br>(Super. Ct. No. SCE345072) |

APPEAL from an order of the Superior Court of San Diego County, Daniel G. Lamborn, Judge.  Affirmed.

Anna M. Jauregui-Law, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

BACKGROUND

On September 18, 2014, Homero Palomino, a friend of defendant Paul Julian Sosa, asked Sosa to go with him to the residence of John Francis to rob him of his marijuana.  While there, Palomino pepper sprayed Francis and  a fight ensued.  Defendant then shot Francis, who died from the shot. Defendant obtained three ounces of marijuana.

Defendant was charged by a second amended information with murder in violation of Penal Code[1] section 187, subdivision (a) and first degree robbery in violation of sections 211, and 212.5, subdivision (a).  As to each count, defendant was charged with personally and intentionally discharging a firearm and proximately causing great bodily injury or death in violation of section 12022.53, subdivision (d) and personal use of a firearm in violation of section 12022.5, subdivision (a).

Palomino was charged similarly except the gun enhancements with respect to the murder and robbery were based on vicarious liability.

On February 5, 2018, defendant pleaded guilty to second degree murder, admitted a section 12022.53, subdivision (b) enhancement, and agreed to a sentence of 15 years to life for the murder conviction plus 10 years for the gun enhancement.  Defendant admitted that he killed the victim, with malice aforethought, in the commission of the crime of robbery, and personally used a firearm.

On October 2, 2020, defendant, in propria persona, filed a petition for resentencing under section 1170.95, which petition was denied, and requested appointment of counsel, which request was also denied.

## DISCUSSION

Defendant's counsel has filed a timely appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating she has not been able to identify any arguable issue that would result in a reversal or modification of the case on appeal.  Counsel asks the court to review the entire record for error, as mandated by *Wende*, and pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*).  She identifies the following potential issues:  1) whether the trial court erred in failing to appoint counsel on defendant's

---

[1]     Further statutory references are to the Penal Code.

2

request; and 2) whether the trial court erred by summarily denying defendant's petition because it used the factual basis of defendant's plea to establish he was not eligible for relief under section 1170.95.

We have reviewed the record as required by *Wende* and *Anders*. We have also examined the potential issues raised by defendant pursuant to *Anders*. We have not discovered any arguable issues for reversal or modification on appeal.

We have offered defendant the opportunity to file a supplemental brief on his own behalf. He has not filed a supplemental brief.

Defendant has been represented by competent counsel on appeal.

DISPOSITION

The order denying defendant a reduction of his sentence under section 1170.95 is affirmed.

BENKE, Acting P. J.

WE CONCUR:


DATO, J.


GUERRERO, J.

3